CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/10/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**7F USERS GROUP, INC.,**

        **Petitioner/Plaintiff,**

v.                                                         Civil Action No. 3:20CR00016

**XENIA HOTELS AND RESORTS, INC.,** and
**ACCOR MANAGEMENT US, INC.,**

        **Respondents/Defendants.**

## PETITION FOR DECLARATORY JUDGMENT

The Plaintiff, 7F Users Group, Inc. ("7F"), by counsel, hereby submits its Petition for Declaratory Judgment against the Defendants Xenia Hotels And Resorts, Inc. and Accor Management US, Inc. (collectively, the "Fairmont"), and in support thereof states as follows:

### DESCRIPTION OF CASE

1.  This is an action seeking declaratory judgment concerning the validity of an invoice sent by the Fairmont hotel in Dallas to 7F after the latter's 2020 annual conference had to be cancelled in light of the COVID-19 pandemic. Originally scheduled for May 16-23, by mid-March it became clear that the 2020 conference would not be possible, at least not on the originally scheduled dates. After 7F sent a letter to this effect to the Fairmont, the Fairmont responded by sending 7F a "cancellation invoice" for almost $300,000. Ironically, in light of the pandemic the Fairmont has closed its doors for the foreseeable future and may not even be open for business on the original conference dates. Accordingly, this Petition asks the Court to declare the invoice null and void and without legal efficacy.

1

## JURISDICTION AND VENUE

2. This cause of action concerns the validity of a $292,316.80 invoice sent by Fairmont to 7F.

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4. The amount in controversy exceeds the value of $75,000, computed without regard to any setoff or counterclaim to which the Defendants may be adjudged to be entitled, and exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28. U.S.C. §1391, in that 7F is a Virginia corporation and so the Invoice was sent into Virginia, and demanded payment from property which is legally deemed to be situated in Virginia.[1]

## PARTIES

6. 7F Users Group, Inc. is a Virginia non-stock corporation with its principal place of business in Marietta, Georgia. 7F is led by its Chairman of the Board of Directors, Sam Graham, who is a resident of Virginia and resides in the Charlottesville division.

7. Xenia Hotels and Resorts, Inc. ("Xenia") owns the Fairmont Dallas (see https://xeniareit.com/portfolio/). Xenia is a Maryland corporation with its principal place of business at 200 S. Orange Ave., Suite 2700, Orlando, Florida 32801.

8. On information and belief, the Fairmont Dallas is operated by Accor Management US, Inc. ("Accor US") Accor US is a Delaware corporation with its principal place of business in Canada at 100 Wellington St. W, Suite 1600, Toronto, ON M5K 1B7. Accor can be served with process in Texas at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3140.

---

[1] The Contract contains a mandatory venue provision, but only when "the legal action" is "in connection with this Contract." The relief sought herein concerns the Invoice which the Fairmont elected to send into Virginia, and while interpretation of one provision of the Contract is relevant to this dispute, this action does not challenge the validity of the Contract or any of its terms.

## STATEMENT OF FACTS

9.  7F Users Group, Inc. is a 501(c)(6) organized to provide an open forum through conferences and technological aids to the owners and operators of 7F Combustion Turbine generator systems.

10. 7F's signature event is its annual conference. Users of the 7F engine, which include Dominion Energy, Duke Energy, Tenaska, and others send their employees who operate the 7F engines to these conferences to learn about the operation, maintenance, inspection, troubleshooting, and repair of such systems to maximize equipment performance and reliability.

11. Due to the need for both advance planning and vendor notification, 7F's annual conference is generally planned about 18-20 months out, including the selection of both specific dates and venue.

12. With respect to the 2020 conference, the dates of May 16-23, 2020 and the Fairmont hotel in Dallas, Texas were selected in December 2018.

13. On December 12, 2018, 7F signed a "Conference Space Contract" with the Fairmont (the "Contract"). A true and accurate copy of the Contract is attached hereto as Exhibit 1.

14. On March 13, 2020, the President of the United States declared a "National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak."

15. As a result of this declaration, along with similar declarations by a number of state governors, numerous travel bans were enacted. These travel bans, if not lifted by early May, would make travel to the conference impossible (if not illegal in some cases).

16. Accordingly, on March 16, 2020 (and not January 17, as the letter is mistakenly dated), 7F, by counsel, sent a letter to the Fairmont indicating that due to the President's

Declaration of a National Emergency and the number of associated travel bans, it was proving impossible to plan for the 2020 annual conference. A true and accurate copy of this letter is attached hereto as Exhibit 2.

17. Not only that, but given that the state of affairs was anticipated to last for some time, 7F believed it was going to be impossible to get either attendees or vendors to the conference, particularly as the conference includes international attendees.

18. The Fairmont rejected the letter, stating that "upper management does not consider this program to be in Force Majeure because it is outside the window prohibiting the event to take place."

19. This was apparently a reference to the fact that the Fairmont Dallas is currently closed through April 30, but planning to re-open May 1.

20. After the letter was delivered, 7F attempted to negotiate an alternate date with the Fairmont.

21. However, the Fairmont indicated it was already scheduled for the balance of 2020 except for two dates between Thanksgiving and Christmas.

22. And because the 2021 conference had already been scheduled and a venue booked, it meant looking at 2022.

23. While 7F was willing to re-book to 2022, the Fairmont indicated "the dates in 2022 are currently second option to another program and from what I am being told now, would be too far out to consider at this point anyway."

24. On March 19, 2020, the Fairmont sent an invoice to 7F for $292,316.80, crediting (and thereby refusing to return) the initial $15,000 deposit. A true and accurate copy of this invoice is attached hereto as Exhibit 3.

## COUNT I
## Declaratory Judgment

25. Plaintiff incorporates herein by reference all prior allegations contained in this Complaint.

26. This matter is a case of actual controversy between the parties for which 7F seeks a binding adjudication of its rights and liability and is therefore appropriate for declaratory judgment.

27. 7F is not responsible for the Invoice for at least two reasons. First, performance had become impossible, and second, the Contract contains a force majeure provision which allows for cancellation in exactly these circumstances.

28. Regardless of the language of the Contract, impossibility remains a defense at common law.

29. Both Texas and Virginia law recognizes the doctrine of impossibility of performance. Under this doctrine, a party's performance is excused where, after a contract is entered, performance is rendered impossible without that party's fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made.

30. The possibility of a worldwide pandemic that rendered planning and travel impossible (indeed, Texas has ordered mandatory quarantining for persons entering the state by road from the Louisiana border) was simply not foreseeable in December 2018.

31. The current circumstances make performance by 7F more than simply difficult or expensive; they make actual performance impossible.

32. While 7F has made reasonable attempts to cover its obligation, the current uncertainty and the Fairmont's own scheduling and unwillingness to consider 2022 dates have frustrated those attempts.

33. Accordingly, 7F's performance is excused under the common law doctrine of impossibility of performance.

34. Alternatively, the Contract contains a force majeure provision which provides: "if the Contract becomes illegal or impossible to perform by either party due to acts of God, war, terrorist act, disaster, strikes, civil disorder, or other comparable unforeseeable emergency, this Contract may be terminated for any one or more of such reasons by written notice from one party to the other."

35. As detailed in the March 16 Letter, the COVID-19 pandemic and subsequent declarations of emergency made performance by 7F impossible. Given the number, nature and duration of the various travel bans, to say nothing of the uncertainty surrounding how long the declared states of emergency would last, it was impossible for 7F to arrange for a sufficient number attendees, vendors, and presenters, all of which are necessary for one's annual conference.

36. Whether one considers the COVID-19 pandemic an "act of God," "disaster," or "other comparable unforeseeable emergency," it fits within this provision.

37. By providing the March 16 Letter, 7F provided the required written notice.

38. Whether one relies on the common law rule on impossibility of performance or the specific contractual provision concerning force majeure, in either circumstance 7F is not liable for the Invoice.

39. Accordingly, 7F moves the Court to determine as a matter of law that it is not liable for the Invoice.

WHEREFORE, Plaintiff petitions the Court to enter an order that the Invoice is not valid, and that 7F is accordingly not responsible for any of the claimed amounts.

Respectfully submitted,

7F USERS GROUP, INC.

By counsel

 /s/ David W. Thomas
David W. Thomas, Esquire    VSB #73700
MichieHamlett PLLC
310 4th Street NE, 2nd Floor
Charlottesville, VA 22902
(434) 951-7224    Direct Dial
(434) 951-7244    Direct Fax
dthomas@michiehamlett.com
*Counsel for Plaintiff 7F Users Group, Inc.*